Lin v. Holder

BIA
A094 923 470

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

GUANG LIN, AKA GUANG REN LIN,
> *Petitioner,*

v.                                            11-3891
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Richard Tarzia, Belle Mead, N.J.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Richard M. Evans,
                       Assistant Director; Andrew Oliveira,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guang Lin, a native and citizen of China, seeks review of an August 30, 2011 decision of the BIA denying his motion to reopen his removal proceedings. *In re Guang Lin*, No. A094 923 470 (B.I.A. Aug. 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). The agency may properly deny a motion to reopen where the movant fails to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

In his motion filed with the BIA, Lin timely sought reopening on the basis of his alleged practice of Falun Gong in the United States. However, the BIA reasonably determined that Lin failed to demonstrate his *prima facie* eligibility for asylum, withholding of removal, and Convention Against Torture relief because he failed to

2

sufficiently support or otherwise corroborate his assertion that he is in fact a practitioner of Falun Gong. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (recognizing that an alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief], which means she must show a 'realistic chance' that she will be able to obtain such relief") (citations omitted); *see also See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in declining to credit documents submitted with a motion to reopen where alien had been found not credible in the underlying asylum hearing).

Moreover, because Lin did not contest the BIA's finding that he failed to establish his status as a practitioner of Falun Gong in his brief to this Court, he has waived any challenge to this dispositive determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not sufficiently argued in briefs are considered waived and normally will not be addressed on appeal).

In light of the foregoing, we decline to reach Lin's challenges to the BIA's finding that he failed to show that

authorities in China are or would likely become aware of his alleged Falun Gong activities in the United States.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").  Lin's motion to supplement the record to include background materials allegedly omitted from the record in the agency proceedings, which do not corroborate or otherwise relate to his practice of Falun Gong in the United States, is DENIED as moot.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4